## KENNETH SMITH V. THE STATE.

No. 10442.  Delivered March 30, 1927.

1.—Robbery With Firearms—Charge of Court—On Weight of Evidence—
Improper.

Where, in reply to a written question of the jury after their retire-
ment, the court instructed them that they might consider the fact that the
defense has placed no evidence before them to establish the whereabouts
of the defendant at the time of the robbery, such charge was upon the
weight of the evidence, and clearly violative of Art. 658, C. C. P. 1925, and
authorities cited thereunder in Vernon's Ann. C. C. P., 1925 Ed.

2.—Same—Continued.

Especially wrong do we conceive this practice to be, when it involves
the silence of the accused.  The burden is on the state to establish, beyond
a reasonable doubt, the guilt of the accused by competent evidence, and
unless there be that in testimony which fulfills this legal demand, the
accused should be acquitted.  He is not required to introduce any testimony
and he cannot be criticised for not doing so, nor can the court legally tell
the jury that his failure to do so is a fact to be considered in determining
the guilt of the prisoner.

3.—Same—Evidence—Improperly Admitted.

Where appellant's brother was jointly indicted for the same offense,
it was error to permit the state to prove that after the robbery the house
of the brother was searched, and a pair of handcuffs, an automatic pistol
and other articles found.  The articles were found after the robbery, and
it was not claimed that any of them had been used in effecting the crime,
nor that any of the articles belonged to appellant, or had ever been in his
possession.

4.—Same—Evidence—Declarations of Co-Defendant—Not Admissible.

It was error to permit the state to prove that a new sawed-off shotgun
was found in the San Antonio River as a result of declarations made by
Jack Smith, or one Hobrecht, co-defendants of appellant.  See Mixon v.
State, 31 S. W. 409; Garcia v. State, 88 Tex. Crim. Rep. 605, and other
cases cited.

5.—Same—Charge of Court—Submitting Several Counts—Rule Stated.

Where the trial court submits plural counts, contained in the indict-
ment, it is the better practice to direct the jury to say by their verdict of
which count, if any, the accused is found guilty.  Where the court fails
to instruct the jury to find by their verdict of which count they find the
accused guilty, and the verdict assesses more than the minimum penalty,
it may be questionable whether the conviction was under one or more of
the counts.  See Modica v. State, 251 S. W. 1053.

Appeal from the District Court of Bexar County.  Tried below
before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction for robbery with firearms, penalty
fifteen years in the penitentiary.

The opinion states the case.

*Dave Watson, C. J. Matthews* and *E. B. Simmons* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney of Bexar County; *Lamar G. Seeligson,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles;* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of robbery with firearms, punishment fifteen years in the penitentiary.

The statement of facts in this case is very unsatisfactory. There seem to have been a number of defendants, who were jointly indicted herein, present in the court room during the trial, and witness after witness testified and was asked relative to identification, etc. We are constantly confronted with such things as "I cannot say that this boy (indicating) was in the bank." "It was this one right there (indicating)." "The man who held the pistol on me resembled that man there (indicating)." "As to my saying this man may have held me up (indicating)." "As to whether I saw this man (indicating)." "I saw this defendant (indicating)." These are but samples. We have no means of knowing which one of the four or five defendants present was meant by the use of the expression "indicating." In a few instances the state's attorney himself would supplement the statement of the stenographer "indicating" by a statement of his own as to who was indicated, but in the majority of such references we are left wholly in the dark. It is entirely impossible for us to comprehend a record such as the one before us fully. By reading other parts of the record we have been enabled sometimes to gather who may have been meant.

After the jury had retired they came into the court room with a written question as follows:

"Can the jury, in drawing our conclusions as to the guilt or innocence of the defendant, consider the fact that the defense placed no evidence before us to establish the whereabouts of the defendant at the time of the robbery?"

In response the court instructed them as follows:

"I instruct you that, in drawing your conclusions as to the guilt or the innocence of the defendant, you may consider the fact that the defense has placed no evidence before you to establish the whereabouts of the defendant at the time of the robbery; except, however, you must not consider in any manner, or for any purpose, the failure of the defendant, and those

named with him in the indictment under which the defendant is on trial, to testify. This instruction is to be taken in connection with the main charge of the court heretofore given you, and be considered as a part thereof."

This charge was on the weight of the testimony and erroneous. We have never sanctioned the practice of the judge summing up the facts, or telling the jury that they may consider such and such named facts in determining the guilt of the accused. Such practice if permissible as to one fact would have to be held permissible as to all facts which might be usable by the jury in determining guilt. Especially wrong do we conceive this practice to be when it involves the silence of the accused. The burden is on the state to establish beyond a reasonable doubt the guilt of the accused by competent testimony, and unless there be that in testimony which fulfills this legal demand, the accused should be acquitted. The law does not require him to introduce any testimony, and if he elects to remain silent and produce no witnesses, standing on his legal right to require the state by proof to establish his guilt, he cannot be criticised for so doing, nor can the court legally tell the jury that such course is a fact to be considered in determining the guilt of the prisoner. It would be clearly a violation of the rule against an instruction on the weight of the testimony for the court to tell the jury that they can consider his failure to produce such testimony as evidence of his guilt. See Art. 658, 1925 C. C. P., and authorities cited thereunder in Vernon's Ann. C. C. P., 1925 Ed.

Jack Smith was appellant's brother and seems to have been identified by a number of people in connection with this alleged bank robbery and its attendant circumstances. Officer Carver was permitted to swear for the state that after the robbery of the bank he went to Jack Smith's house on Oakland Street, in San Antonio, and there found a pair of handcuffs, an automatic pistol and a brief case; that later he went back to said house and in a trunk found some tools, a flash light, some steel punches, a steel saw and a map or plat, all of which articles were produced and permitted in testimony over the objection of the appellant. We see no reason for the introduction of any of this testimony, save possibly that of finding the brief case. It was neither of the fruits of the crime nor of its instruments. Not a word in the record connects appellant with any of same except that a brief case was used, save the fact that said articles were found in his brother's house, where he is not shown to have been at any time except on Sunday morning preceding the robbery on Tuesday. The articles were found after the robbery. It is

not claimed that any of them had been used in effecting the crime, unless the brief case found be the one used, which is not shown, nor that any of them belonged to appellant or had ever been in his possession. The conspiracy, if any, to rob the bank was ended. The testimony should not have been permitted.

That a new sawed-off shotgun was found in the San Antonio River at a certain place the day after the robbery might have been proved by the state; but that it was found as a result of declarations made by Jack Smith or one Hobrecht was not proper upon the trial of Kenneth Smith alone. Mixon v. State, 31 S. W. 409; Garcia v. State, 88 Tex. Crim. Rep. 605; Howard v. State, 92 Tex. Crim. Rep. 221; Henry v. State, 100 Tex. Crim. Rep. 186.

Since the case must be reversed, and in view of another trial, attention is called to what would have presented a serious question had it been properly raised and presented. There were three counts in the indictment. One charged Jack Smith, Kenneth Smith, Joe Hobrecht, Earl Collins, Elmer Wilkens and Otis Yeager with the robbery of Mr. Herff; another charged the same parties with the robbery of Messrs. Reitze and Erben, and the third charged the robbery of Mr. Anderson. On the trial, while the other defendants seem to have been in the court room, Kenneth Smith, appellant, alone seems to have been on trial. The court submitted to the jury the first and third counts, telling the jury that if they believed appellant made an assault on Herff and Anderson, or either of them, as alleged in the first and third counts in the indictment, and took money from Herff and Anderson, or either of them, without the consent of Herff and Anderson, or either of them, they should find him guilty and assess his punishment, etc. The jury returned a general verdict of guilty, fixing the penalty at fifteen years. A general judgment of guilty of robbery with firearms was entered and was followed by the sentence. What we said in Modica v. State, 251 S. W. 1053, in the opinion on rehearing, is so applicable that we quote same:

"The statutes of our state and numerous decisions of this court make it the duty of the trial courts to decline to receive informal or insufficient verdicts, and direct that the jury be told upon trials, where plural counts are submitted to them in the charge, that they must say by their verdict of which count, if any, the accused be found guilty. If it be argued that in certain cases separate counts in indictments charging theft of the same property from different owners be permissible or commendable practice, we readily agree, and also to the proposition that to the legal mind this might present but phases of the same transaction,

so pleaded to meet the proof as it might develop; but the jury are not lawyers and beyond question injury might arise in many cases if we attempt to uphold their action upon the hypothesis that they understood the necessary legal procedure in matters which the court failed to tell them about in his charge. In this case the jury were not told that they could convict only under one count, nor that they must specify in their verdict of which count, if any, they found the accused guilty. They plainly find him guilty under two counts. They fixed punishment at more than double the minimum for either count of which they find him guilty. The judgment entered by the learned trial judge does not attempt to fix guilt under either one count or the other, but broadly adjudges appellant guilty of felony theft."

We have no doubt of the propriety of the state inserting the three counts in its indictment to meet possible phases of the testimony which might develop upon the trial, but even though the plural counts be inserted to meet phases of the same transaction, these legal facts are not known to the juries, and where the court does not instruct the jury to find by their verdict of which count they find the accused guilty, and the verdict assesses more than the minimum penalty, we find ourselves in grave doubt of the correctness of such procedure.

In a case such as the one before us the jury took into their retirement with them an indictment charging in one count an assault upon Mr. Herff and robbery of him and the taking of his money; in another count they found a charge of robbery of Mr. Anderson and the taking of his money. Both Mr. Herff and Mr. Anderson testified in this case to the fact that they were held up by members of the party of robbers, by means of shotguns and pistols, and money was taken from the bank which they testified was in their possession. Mr. Anderson was first held up, and later when Mr. Herff came in he was also held up. The jury did not give appellant the lowest penalty. We have no means of knowing but that, seeing these plural counts in the indictment, and having heard the testimony of these witnesses who said they were robbed, and finding nothing in the charge of the court telling them what to do under such circumstances, the jury may have concluded it proper to find, as they did find, the accused guilty generally as charged, and may have been influenced in giving him the fifteen-year penalty by the lack of instructions to the effect that their finding should be confined to some particular count. As stated above, there was no complaint of this matter in the form of an exception. Upon another trial we suggest that the court submit the law applicable to each

count with pertinent instructions to the jury as to their duty to say by their verdict of which count they find the accused guilty, and that if the jury do not so find, in the event of a verdict of guilty, that the court decline to receive the verdict until it is in proper shape.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*