OTIS YEAGER V. THE STATE.

No. 10651.	Delivered April 6, 1927.

1.—Robbery With Firearms—Evidence—Acts of Co-Conspirators—Properly Admitted.

Where appellant, with three others, was charged with the robbery of a bank in San Antonio, telegrams exchanged between one of the co-defendants and his brother in San Antonio, prior to the commission of the offense, and which were pertinent in establishing the conspiracy, were properly admitted in evidence.

2.—Same—Search and Seizure.—Not Available to Third Party.

Where evidence of the search of an automobile belonging to a co-defendant, after the commission of the robbery, was introduced in evidence, the fact that such search was made without a search warrant was not available to appellant. "The right to complain of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else." Following McDaniel v. U. S., 294 Fed. 769, and other authorities cited.

3.—Same—Evidence—Improperly Admitted.

After the arrest of appellant and his co-defendant, Jack Smith, it was error to permit the state to show that a shotgun was found in the San Antonio River, on information given officers by the said Jack Smith, it not being shown that appellant was in any way connected with the shotgun, nor that it was used in the perpetration of the robbery. Following Nixon v. State, 31 S. W. 409, and other cases cited.

4.—Same—Evidence—Impeaching Witness—Held Improper.

Where a witness had given testimony in behalf of appellant, it was error to permit the state to prove on cross-examination of said witness that he was living with a woman who was not his wife, at the time of his. arrest. A witness cannot be impeached in this way. "Proof that the defendant, or any other witness associated with lewd women, or kept bad company is not admissible for the purpose of impeaching such witness. Following Holsey v. State, 24 Tex. Crim. App. 42, and other cases cited.

5.—Same—Charge of Court—Contradicting Paragraphs—Held Improper.

Where the court charged the jury on the law of principals that appellant would be guilty, although he was not bodily present when the offense

was committed, and in the charge on alibi the jury were told that if the appellant was not present at the time of the alleged offense, but was elsewhere, to acquit him, such charge was conflicting and confusing, there being no evidence that he was absent but aiding and assisting the other co-defendants in the commission of the offense. Distinguishing Middleton v. State, 86 Tex. Crim. Rep. 307. Following Silvas v. State, 71 Tex. Crim. Rep. 213.

6.—Same—Charge of Court—Plural Counts Submitted—Rule Stated.

Where plural counts are submitted in the charge of the court it is the better practice to instruct the jury in their verdict to state under which of the counts submitted the appellant is found guilty. Where a general verdict is returned under plural counts, and more than the minimum punishment is inflicted, such verdict is confusing. See Modica v. State, 251 S. W. 1049, and Jones v. State, 274 S. W. 566.

Appeal from the District Court of Bexar County. Tried below before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction for robbery with firearms, penalty seven years in the penitentiary.

This is a companion case to that of Kenneth Smith, No. 10442, delivered March 30, 1927.

W. C. Linden, Watson & Chapin, Hogan & Matthews, and E. B. Simmons of San Antonio, for appellant. On contradictory charge, appellant cites: Jay v. State, 51 S. W. 933; Silvas v. State, 159 S. W. 223; Yates v. State, 42 S. W. 296; La Fell v. State, 153 S. W. 885; Serrato v. State, 171 S. W. 1133; Leahy v. State, 280 S. W. 882.

C. M. Chambers, District Attorney; Lamar G. Seeligson, Assistant District Attorney, of Bexar County; Sam D. Stinson, State's Attorney, and Robert M. Lyles, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of robbery with firearms, and his punishment assessed at seven years in the penitentiary.

The record discloses that the appellant, Earl Collins, Elmer Wilkens, Joe Hobrecht, Jack Smith and Kenneth Smith were charged in the first count of an indictment with making an assault upon one William Herff with a deadly weapon, to-wit, a gun, and taking from his person $19,138 in money, and in the third count with making an assault upon T. D. Anderson with a deadly weapon, to-wit, a pistol, and taking from his person $19,138 in money. This is a companion case to that of Kenneth Smith v. State, No. 10442, decided March 30, 1927, yet unre-

ported.   The court submitted both counts of the indictment, as given above, to the jury and a general verdict of guilty was returned, assessing the punishment at seven years in the penitentiary, as above stated.   The record further discloses that the robbery was committed in the San Antonio National Bank on or about March 30, 1926.   It was the contention of the state that the appellant, acting with the other parties named in the indictment, robbed said bank on the date alleged in the indictment at about 12:30 p. m., using sawed-off shotguns and a pistol. The appellant entered a plea of not guilty and defended upon the ground of an alibi.

The record contains seven bills of exception.   Bill No. 1 complains of the action of the court in permitting the state to introduce in evidence, over appellant's objection, an exchange of telegrams between Kenneth Smith at Corpus Christi and his brother at San Antonio, to the effect that the former would be at the residence of his brother, Jack Smith, in San Antonio on the Sunday preceding the alleged robbery.   We are of the opinion that the appellant's objection went more to the weight than to the admissibility of this testimony, and that there was no error in the court's action.

In bills Nos. 2, 3 and 4 complaint is made to the action of the court in permitting the officers to testify regarding the search of a Ford coupe belonging to co-defendant, Jack Smith, and the search of his apartment about three or four hours after the alleged robbery, and in permitting the introduction of evidence relative to finding certain caps in the coupe and finding a pistol and brief case in the apartment.   Appellant contends that the search was illegal because the officers had no search warrant. These bills disclose, without contradiction, that the automobile and premises searched belong to, and were in the possession of, co-defendant Jack Smith.   This being true, the appellant is not in a position to urge the invalidity of said search and invoke the protection afforded by the Search and Seizure Law.   No one could urge this objection except Jack Smith.   See Cornelius on Search and Seizure, Sec. 12, where it is stated:

"The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else."

Numerous authorities are cited, including McDaniel v. U. S., 294 Fed. 769; Essgee Co. v. U. S., 262 U. S. 151, 67 L. Ed. 917. Also see Dozier v. State, 289 S. W. 45.

In bill No. 5 complaint is made to the action of the court in permitting the state's witness Carver, a constable, to testify

that after he had arrested Jack Smith and the appellant and placed them in jail, and after having a conversation with Jack Smith with reference to a gun, out of the presence and hearing of the appellant, he and other officers, accompanied by Jack Smith, went to a point in San Antonio near a bridge over the river and there found a gun, which was introduced in evidence. The bill shows that the officer was not informed that the appellant was in anywise connected with said gun, and was not told that the gun had any connection with the alleged robbery, but it was a matter separate and apart therefrom. The appellant urged timely objection to this testimony, contending among other things that there was no identification that said gun was used by any of the parties in the alleged robbery, and that said testimony was hearsay as to the appellant and obtained after appellant and·his co-defendant were in jail and from information furnished by his co-odefendant, Jack Smith, and that said gun was not shown to have been used in pursuance of a common design. We are of the opinion that the appellent's contention in this respect will have to be sustained. The conspiracy, if any existed, was ended, and this testimony was inadmissible against this appellant who was on trial alone. Nixon v. State, 31 S. W. 409; Garcia v. State, 88 Tex. Crim. Rep. 605, 228 S. W. 938; Howard v. State, 92 Tex. Crim. Rep. 221, 242 S. W. 739; Henry v. State, 100 Tex. Crim. Rep. 186, 272 S. W. 475.

In bill No. 6 complaint is made to the action of the court in permitting the state to prove the following on cross-examination of the witness, Joe Hobrecht, who was jointly indicted with appellant, but whose case had been dismissed:

Q. "Now, Mr. Hobrecht, on the day of the robbery when did you get up that morning?"

A. "I got up about 11:30 or 11:40."

Q. "Was anyone in the room with you?"

A. "My wife was in the room with me."

Q. "Is that your wife?"

A. " * * * She is living with me as my wife."

Q. "You were already married to another woman?"

A. "Yes, sir."

Q. "Then you have two wives, have you?"

A. "She is just living with me as my wife."

When the witness answered that his wife was with him in the room, the appellant objected to the balance of said testimony on the ground that same was a matter upon which the witness could not be legally impeached, and same constituted an effort to impeach the witness without showing a legal charge of felony

or misdemeanor involving moral turpitude, and that same was immaterial and prejudicial to the rights of the appellant. We think the admission of this testimony was error, especially in view of the fact that this witness had given testimony which, if believed by the jury, would have tended to prove appellant's alibi. Mr. Branch, in his Ann. P. C., Sec. 165, states:

"Proof that defendant or any other witness associated with lewd women, or kept bad company, is not admissible for the purpose of impeaching the witness," citing Holsey v. State, 24 Tex. Crim. App. 42; Ballard v. State, 160 S. W. 718, and many other authorities.

Bill No. 7 complains of the action of the court in permitting the state to show by the witness Jud James that he knew of Jack Smith having previously been in trouble. In view of the fact that the court withdrew this evidence from the jury, and the further fact that the same question is not likely to arise upon another trial, we do not feel called upon to discuss this issue at this time.

The appellant, in the proper manner and at the proper time, objected to the court's charge relative to principals, contending that same was in direct conflict with and contradictory to that portion of the charge wherein the court instructed the jury on the law of alibi. The court, after charging the law generally on principals, further instructed the jury:

"When an offense has been actually committed by one or more persons the true criterion for determining who are principals is: Did the parties act together in the commission of the offense; was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and execution of the common design and intent of all, whether in point of fact all were actually, *bodily present on the ground when the offense was committed or not.*"

On the issue of alibi the court charged as follows:

"Among other defenses set up by the defendant is what is known in legal phraseology as an alibi; that is, that if the offense was committed, as alleged, then the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed, and therefore was not and could not have been the person who committed the same.

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense

was committed at the time of the commission thereof, you will find the defendant 'Not Guilty'."

We are of the opinion that the appellant's contention to the effect that the court's charge on these issues was contradictory and confusing to the jury will have to be sustained. It will be observed that the charge on principals informs the jury that the appellant would be guilty although he was not bodily present when the offense was committed, and in the charge on alibi the jury are told by the court that if the appellant was not present at the time of the alleged offense, but was elsewhere, or there is a reasonable doubt as to such matter, to acquit the appellant. The court should not have embraced in his charge on principals that portion of same relating to the absence of appellant, as there was no evidence in the record raising such an issue. The state contended that appellant was present at the commission of the offense, and there was no evidence to the effect that he was absent but aiding and assisting the other co-defendants in the commission of said offense. We think the law announced in Silvas v. State, 71 Tex. Crim. Rep. 213, 159 S. W. 223, is applicable to the instant case. It appears that the trial court was following the charge given in the case of Middleton v. State, 86 Tex. Crim. Rep. 307, 217 S. W. 1046, wherein this court held that it was not error for the trial court, in charging the law applicable to principals, to state that one need not be bodily present when the offense was committed in order to constitute him a principal. However, the facts presented in the instant case differ from those in the Middleton case, and the issue of an alibi was not involved in the latter case; consequently, the law there announced would not apply to the facts in the instant case.

While the question is not raised, the record discloses that the appellant and his co-defendants were indicted in three counts, only the first and third being submitted to the jury by the court's charge. These counts charged separate assaults upon Herff and Anderson, as previously stated. The second count in the indictment charged said parties with an assault upon Messrs. Reitze and Erben. The trial judge, in his charge, failed to instruct the jury to mention in their verdict upon which of the two counts submitted to them they found appellant guilty, and a general verdict was returned by them assessing more than the minimum punishment. The jury were required to pass on two distinct felonies, and the verdict returned being general, same is contrary to the doctrine announced many times by this court. See Modica v. State, 251 S. W. 1049, and Jones v. State, 274

S. W. 566.   In view of another trial of this case, we suggest that the court should follow the practice recommended, and the law announced, in the cases cited.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

Reversed and remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.