### EARL COLLINS V. THE STATE.

No. 11305.   Delivered January 18, 1928.

**Robbery—Charge of Court—On Principals—Issue Not Raised—Erroneous.**

Where appellant was on trial charged jointly with three others with robbery and there was no evidence raising the issue of appellant's guilt, though not actually present at the place where the robbery occurred, it was error for the trial court to affirmatively submit such issue in his charge on principals. Following Silvas v. State, 71 Tex. Crim. Rep. 213.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. S. Anderson, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

This is a companion case to the cases of Smith v. State, 292 S. W. 877, and Yeager v. State, 294 S. W. 200.

*R. T. Chapin* and *Dave Watson* of San Antonio, for appellant. On erroneous submission of charge on principals, appellant cites Yeager v. State, 294 S. W. 200; Lelah v. State, 280 S. W. 812; Silvas v. State, 159 S. W. 812; La Fell v. State, 153 S. W. 885.

*C. M. Chambers,* District Attorney; *Lamar Seeligson,* Assistant District Attorney; *Walter Tynan,* Assistant District Attorney, and *A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

Smith v. State, 292 S. W. 877, and Yeager v. State, 294 S. W. 200, are companion cases. Appellant, Elmer Wilkins, Joe Hobrecht, Jack Smith, and Kenneth Smith were jointly indicted for the offense of robbery. It was the state's position that appellant acted with said named parties in robbing the San Antonio National Bank. Appellant relied upon an alibi. The state contended that appellant was present at the commission of the offense. There was no evidence on the part of the state that he was absent, but aiding and assisting the other parties involved. The court charged on the law of principals in part as follows:

"When an offense has been actually committed by one or more persons, the true criterion for determining who are principals is: Did the parties act together in the commission of the offense, was the act done in pursuance of a common intent and in pursuance of a previously formed design in which the minds of all united and concurred? If so, then the law is that all are alike guilty, provided the offense was actually committed during the existence and execution of the common design and intent of all, whether in point of fact all were actually *bodily present on the ground when the offense was actually committed or not.*"

An instruction covering the law of alibi was submitted. Following the charge on principals and immediately preceding the charge on alibi, the court gave an instruction to the effect that the jury would acquit appellant if they had a reasonable doubt that he was actually in the San Antonio National Bank participating in the commission of the offense, if any.

Appellant timely objected and excepted to the charge on the law of principals on the ground that said charge was contradictory of the charge on alibi. The written objection specifically pointed out the points of conflict. The holding of this court in the case of Yeager v. State, sustains appellant's contention. Two points of conflict with the instruction that a principal might be guilty under the conditions stated whether or not he was actually bodily present on the ground when the offense was committed resulted from the giving of the charge on alibi and that relative to the necessity of appellant's presence in the bank at the time of the commission of the offense. Alibi being the defense and there being no evidence that appellant was absent but aiding in the commission of the offense, the charge complained of was erroneous. In Yeager, supra, in referring to the question under consideration here, this court said:

"The court should not have embraced in his charge on principals that portion of same relating to the absence of the appellant, as there was no evidence in the record raising such an issue. The state contended that appellant was present at the commission of the offense, and there was no evidence to the effect that he was absent but aiding and assisting the other co-defendants in the commission of said offense. We think the law announced in Silvas v. State, 71 Tex. Crim. Rep. 213, 159 S. W. 223, is applicable to the instant case."

We do not deem it necessary to discuss the other matters complained of as they are not likely to arise on another trial of the case.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.