## SHERMAN BIRD v. THE STATE.

No. 13432. Delivered June 11, 1930.
Reported in 31 S. W. (2d) 651.

The opinion states the case.

*J. Forrest McCutcheon* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment for the manufacture of spirituous and intoxicating liquor; penalty, one year in the penitentiary.

Operating under a search warrant, officers went to the barn of one Carter and in it they found sixty-six barrels full of mash and a whiskey still set up ready for operation. Nearby they found appellant asleep.

Several bills of exception appear in the record raising the question of the admissibility of the searching officers' testimony as to what they found in the said barn. It is insisted that the affidavit fails to show that the barn and premises was a place where intoxicating liquors were manufactured or sold. The affidavit contains the following:

"That said above described place is in the charge and control of one Carter, and is a place where spirituous, vinous and malt liquors capable of producing intoxication are now being sold, manufactured and kept for the purpose of sale, in violation of the laws of Texas prohibiting the sale, manufacture, possession for the purpose of sale, and transportation of intoxicating liquors. * * * That the particular grounds for the aforesaid belief of affiants are as follows: The affiants on the evening of Monday May 13, 1929, on the road in front of the said place saw a light in a barn and two men moving back and forth in the barn, and the sound of barrels and boxes being moved about, and saw three cars go into said premises, and smelled a very strong odor of freshly cooked mash in and around said premises and coming from the barn of said premises, and also smelled the odor of freshly run whiskey, and heard a pump being run by an engine, and the affiants know that the general reputation of this place in its neighborhood is that of a whiskey manufacturing plant."

These allegations appear amply sufficient to meet the demands of the law. Penny v. State, 24 S. W. (2nd) 1089; Ware v. State, 7 S. W. (2nd) 551; Rozner v. State, 3 S. W. (2nd) 441; Ruhmann v. State, 22 S. W. (2nd) 1069.

The sufficiency of the description of the property is also questioned but as same is lengthy, we do not here quote it. We deem the description fully sufficient. Hernandez v. State, 4 S. W. (2nd) 82; Watson v. State, 9 S. W. (2nd) 265. Nor do we think there is any merit in appellant's contention that the officers failed to search the premises described in the affidavit.

The record seems sufficient to justify the conclusion that the premises searched were in possession and control of another and that under such circumstances appellant is not in position to complain of an illegal search. Salinas v. State, 18 S. W. (2nd) 667, and authorities there cited. It is, however, not necessary to expressly so decide in view of the disposition we make of the foregoing contentions. The bill complaining of the argument of the prosecuting attorney is so qualified by the Court as to show no error and we deem it unnecessary to discuss same.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.