# OCTOBER 23, 1946

KENNETH AUGHTON V. THE STATE.

No. 23358. Delivered May 29, 1946.
Appellant's Motion for Rehearing Granted June 26, 1946.
State's Motion for Reheading Denied October 23, 1946.

The opinion states the case.

*Percy Foreman* and *King C. Haynie,* both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney,of Austin for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the State penitentiary for a period of five years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The State's evidence, briefly stated, shows that on the night of May 28, 1945, L. B. Rutledge and Cecil Pope were at work at a garage when appellant entered the same with a gun and told Rutledge, "This is a hold up"; that when Rutledge called for help appellant said, "I wouldn't do that if I were you." He then pushed Rutledge into a back room at the same time holding a gun on him. At this time another person entered, who began to ransack the office. While appellant had Rutledge in the back room he made him lie down on the floor, and while in that position, appellant took from Rutledge's pocket a billfold containing three dollars, besides the keys to the cash register, and then departed. The next morning Rutledge found his billfold with the money in it and the keys on a shelf in the garage. Appellant and his companion were arrested on or about the 4th day of June. Rutledge at that time, as well as on the date of the trial, identified them as the parties who robbed him on the night in question.

Appellant's plea was alibi to which he testified on the trial. His chief contention is that since the property taken from the victim was not carried away but left in the garage, the offense did not constitute robbery but at best was only a simple assault. We cannot agree with this contention. Robbery is but an aggravated species of theft. It was not necessary to show that he carried the property away in order to complete the offense. If he reduced the property to his possession, although he later abandoned it, the offense would nevertheless be complete. See Article 1412, P. C., The offense of robbery is complete when property is taken into possession as the result of an assault and with the intent to appropriate.

In the case of Brown v. State, 61 Tex. Cr. R. 334, this court said:

"Whenever a party is held up, and put in fear of his life by having a gun presented at him * * * and the party with the gun takes charge of the property, the offense of robbery is complete."

In the instant case, what was appellant's intent when he pre-

sented the pistol at Rutledge and said, "This is a hold up?" It clearly showed an intention to take from Rutledge, by the use of a gun, some property. The offense of robbery was complete if appellant took the billfold with the money therein into his possession with the intent to appropriate it to his own use. See Haney v. State, 144 Tex. Cr. R. 46.

His next contention that under the facts he was not guilty of any greater offense than simple assault is without merit. The assault was made with a deadly weapon—a prohibited weapon—and therefore would not come within the meaning of a simple assault.

A number of objections were addressed to the court's charge, but appellant seems to have abandoned all of them except two. His main complaint relates to the court's charge, which reads as follows:

"Where an offense has been committed, the true criterion for determining who are principals is, did the parties act together in pursuance of a previously formed design in which the minds of all united and concurred? If so, the law is that all are alike guilty, provided the offense was actually committed during the existence and in the execution of the common design and intent of all, whether in point of fact all were actually present on the ground where the offense took place or not."

His objection to the charge is as follows:

"That said charge on principals authorizes the conviction of the defendant upon a theory not raised by the evidence, to-wit, authorizes his conviction whether in point of fact all were actually bodily present on the ground where the offense took place or not, there being no theory of guilt advanced by the testimony that could find the defendant guilty even though not bodily present on the ground where the offense took place, the only theory upon which the case was tried being that of his actual, personal, presence, and participation on the ground where the alleged robbery occurred."

It is his contention that since the defendant took the witness stand and testified to an alibi, which showed that he was not present at the time and place of the commission of the offense, therefore, the charge seriously impaired his defense of alibi. He cites us to the case of Yeager v. State, 294 S. W. 200, 106 Tex. Cr. R. 462. We find that in that case the court charged, as in the instant case, and, in addition thereto, charged on the

defensive theory of alibi. This court in that case held that the two theories charged by the trial court were inconsistent and tended to confuse the jury rather than to enlighten them. However, in the instant case, there was no charge on alibi, and therefore, it could not have confused the jury.

Appellant also cites us to the case of Leahy v. State, 280 S. W. 812, as sustaining his contention. In the instant case, the State's evidence clearly showed that the defendant was present; that he was the one who assaulted the injured party with a pistol. It is true that he said he was not present when the offense was committed. This only raised an issue of fact as to his presence at the time and place of the commission of the offense. If the court had charged on his defensive theory of alibi, then the charge herein complained of might have been erroneous, but no charge on alibi was given and none was requested. Consequently the jury could not have been misled by the court's instruction as was held in the case of Yeager v. State, supra.

Appellant's next complaint relates to the court's action in declining to submit to the jury his requested charge reading as follows:

"You are charged, as a part of the law of this case, that even though you may believe from the evidence that the defendant, Kenneth Aughton, was present at the time and on the occasion set forth in the indictment, and even though you might well believe he participated in an assault on L. B. Rutledge, unless you further find, beyond a reasonable doubt, that the purse and $3.00, if taken during the said assault, was taken with the intent to appropriate the use and benefit of the same to the said defendant, or others acting with him, if any, then you will say by your verdict 'Not Guilty', and if you have a reasonable doubt as to whether the said taking, if any, was with such intent, then you will say by your verdict, 'Not Guilty.' "

After giving the question here presented a most careful consideration, we have reached the conclusion that under the facts of this case he is not entitled to such an instruction. The court in his charge instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that appellant made an assault upon Rutledge and by said assault and by putting the said Rutledge in fear of his life, fraudulently took from the person and possession of Rutledge the property described in the indictment with the intent to deprive Rutledge of said property

or its value and to appropriate it to his own use and benefit, to find him guilty; but if they did not so believe, to acquit him. This placed the burden of proof on the State to show appellant's guilt beyond a reasonable doubt, and was a sufficient instruction in the absence of any defensive theory supported by the evidence. The mere fact that the pocket book with the money and the keys were found on a shelf the next morning is not at all inconsistent with his guilt. If, at the time of the taking, he entertained the intent to deprive Rutledge of the pocket book and the money and to appropriate the same to his own use and benefit, he would nevertheless be guilty, although he subsequently abandoned it or returned it to the garage. Consequently, the mere fact that the pocket book with the money was subsequently found would not constitute a defense or any excuse. The intent with which he took the property is reflected by his statement at the time of the commission of the alleged offense when he said, "This is a hold up."

There are several bills of exception in the record complaining of some testimony and also to the argument of the District Attorney, but these bills were not filed within the time prescribed by law, although the court made an order extending the time in which they might be filed. This extension order was not made within the time authorized by law. Consequently, the bills relating to such matters cannot be considered by this court.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In a well-written motion for rehearing appellant contends that we erred in the original disposition of this case in holding that the trial court did not commit error in declining to submit his special requested charge on the issue of intent, or give one of like import. He earnestly insists that notwithstanding the injured party testified that when he (appellant) entered the garage he remarked, "This is a hold up," nevertheless, the uncontroverted facts show that although he took the billfold containing three dollars in money from the injured party, yet he

left it lying on the shelf in the garage where it, with the money therein, was discovered the next morning. This, he insists, was a circumstance which showed a contrary intent to that testified to by the injured party and raised an issue of fact which should have been submitted to the jury for their determination. Under the law he was entitled to have every issue of fact raised by the evidence submitted to the jury to be decided by them. In support of his contention he cites us to the case of Galloway v. State, 71 S. W. (2d) 871. We think that case is somewhat analogous to the instant case, and upon further consideration of the question, we have reached the conclusion that appellant's position is well founded. Therefore, the motion for rehearing is granted, the judgment of affirmance is set aside, and the cause is now reversed and remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The facts are meager and unusual. No evidence is found indicating that property was taken from the service station save a statement from the officer who testified: "I did not recover any of the property that was said to have been taken there."

The case was carefully considered at the time the appellant's motion for rehearing was granted, and we believe that under the peculiar facts the special requested charge upon the intent of appellant at the time of taking the pocket book and three dollars should have been given.

Our view upon this matter remains the same.

The State's motion for rehearing is overruled.