NEIL MCCLAIN v. STATE.

No. 26,086. December 3, 1952.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was found guilty of possessing intoxicating liquor for the purpose of sale in a dry area, and his penalty was assessed at a fine of $500.00 and confinement in the county jail for a period of 30 days.

The appellant and Evelyn Setters were jointly charged with the possession of liquor for the purpose of sale in a dry area. The two defendants failed to agree upon the order in which they should be tried, and thereupon the court directed that Neil McClain should be tried first, a severance being requested.

The dryness of the area and that the beer was not found on the premises of Neil McClain were stipulated into the statement of facts.

The testimony shows that appellant had some property which he controlled known as "Neil McClain's Place." On this property was situated a building, and about six feet therefrom, on the same property, was situated a house trailer where Evelyn Setters lived. The officers, armed with a search warrant for the search of Neil McClain's place and the property appurtenant thereto and for the search of Evelyn Setter's trailer house and for the property appurtenant thereto, went to the vicinity of these places. There they hid in the bushes and observed the

premises for a period of time through high-powered field glasses. While observing these places they saw the appellant and Evelyn Setters unload some beer and deposit it in a trash pile near these premises. At the place of the beer's deposit some big barrels or metal drums were located. Later on part of the beer was put in these drums by the appellant and Evelyn Setters, the remainder of it being deposited nearby by them. Evelyn Setters then left in the appellant's automobile and returned with a sack of ice, part of which was put in the drum with the beer which they had theretofore deposited in such place. The sale apparently of different parcels of this beer was observed by the officers from time to time, people coming in cars, and the beer, or something from the drum, being placed in sacks and delivered to the drivers of these different cars who were observed to hand something over to Evelyn Setters. During all of this time the appellant was in the trailer house when he was not out in the vicinity of the beer thus in the drums. There was a well-defined path and tracks from both the place of the appellant and the trailer house of Evelyn Setters to and from the drums. The officers took 39 cans of beer from the drums.

G. C. Gary, testifying on behalf of the appellant, claimed that he owned the property where the trash pile was located and that he had deposited the beer there. The trash pile in question was shown to be about ten feet from Evelyn Setter's trailer house. These issues of fact were resolved in favor of the state against the appellant.

Much of the appellant's contention in his many bills of exception seem to relate to the method by which the search warrant was executed relative to Neil McClain's place of business as well as Evelyn Setter's trailer house, which was approximately six feet from McClain's place of business.

In the first place, appellant has offered evidence to the effect that the place where the beer was located and where the 39 cans of beer were found belonged neither to him nor to his co-defendant, who was not on trial at the time. Mr. Gary testified that he owned the property where the trash pile was located, and that he deposited the beer there, the trash pile in question being about ten feet from the trailer house. Under these circumstances we are of the opinion that appellant would not be allowed to complain of anything relative to the search house. These issues of fact were resolved in favor of the state 116 Tex. Cr. R. 290, 31 S.W. (2d) 651; Yeager v. State, 106

Tex. Cr. R. 462, 294 S.W. 200; Burnett v. State, 110 Tex. Cr. R. 186, 7 S. W. (2d) 548; Booth v. State, 110 Tex. Cr. R. 548, 9 S.W. (2d) 1032. Many other cases are cited in 34 Texas Digest, pp. 18 and 19, under Key Number 7(26).

We are further of the opinion that no search warrant of any kind was required because of the fact that the witnesses testified to circumstances from which it could reasonably be inferred that the sale of liquor was being made in the open where the witnesses could see same at a distance of about 75 yards.

We find that the statement of facts is in question and answer form and contains about twenty-five bills of exception, none of which we think are applicable to the present case. For instance, Bill of Exception No. 1 claims an improper search of the premises belonging to Neil McClain, yet it is stipulated in the record by the appellant that the property searched was not the property of Neil McClain, this defendant. Therefore, we think he had no right to object to this search, if in fact his property was searched.

Most of the bills are repetitious and none of them are presented to us in a brief. We think the testimony is sufficient to show that the appellant and his co-defendant, who was not tried in this case, were engaged in the sale of intoxicating liquor and therefore possessed intoxicating liquor for the purpose of sale.

The court charged upon circumstantial evidence, and we find no objection to the charge.

Perceiving no error in the record, the judgment of the trial court is affirmed.