**Allen Wayne WILBURN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40434.

Court of Criminal Appeals of Texas.

July 26, 1967.

Lawrence R. Green (On Appeal Only), Dallas, for appellant.

Henry Wade, Dist. Atty., Curtis Glover, Harryette Bercu and Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for felony theft; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

Mrs. Helen Graves, the prosecuting witness, testified that she and her husband operated a ladies' ready-to-wear business in the city of Dallas. She related that on the day in question she went to the warehouse area in the building and saw appellant standing and facing a rack of dresses, with some merchandise in his arms. When she yelled, "What are you doing?," appellant turned around, faced her, and then ran some fifteen or twenty feet to a loading dock. She screamed and appellant dropped the merchandise just inside the building and fled from the scene. Twenty-

four items of merchandise were dropped by appellant, consisting of ladies' dresses, blouses, and a child's swim suit. Mrs. Graves testified that she did not give appellant permission to take the property and that it was taken without her consent. She also stated that the market value of the property taken was in excess of $200.

Two prior convictions of the appellant for felony theft, alleged in the indictment for enhancement were stipulated by the parties.

Appellant did not testify, but called witnesses who gave testimony in support of a defense of alibi.

Such defense was submitted by the court in his charge and by the jury rejected in their verdict of guilty.

We overrule appellant's first ground of error, in which he contends that the evidence is insufficient to support the conviction because there is no proof of a "taking" of the property from the possession of the owners.

Art. 1412, V.A.P.C., of the general theft statutes provides:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

The evidence in the instant case shows that appellant had manual possession of the merchandise. Under the statute, no definite length of time between the taking and the discovery is required, as the mere lapse of a moment is sufficient to make the offense complete. To constitute a taking it was not necessary that the property be removed from the presence or the premises of the owners. Senter v. State, Tex.Cr.App., 411 S.W.2d 742. Appellant's control and management of the property and flight from the scene were sufficient to show his fraudulent intent.

In his remaining ground of error, # 2, appellant complains of the court's action in permitting evidence which showed the occupation of one Bob Maloney to be that of a parole officer.

On cross-examination of the prosecuting witness, Mrs. Helen Graves, appellant inquired if she had a conversation with one Bob Maloney, who had represented himself as a state official, in which conversation she stated that some of the items of property listed as stolen had been taken in other thefts. Mrs. Graves denied having any such conversation.

On cross-examination of Mrs. Graves's husband, L. C. Graves, appellant inquired if he had a conversation with a person by the name of Maloney, who represented himself to be some type of state official, in which conversation he told Maloney that some of the items of property listed as stolen were taken in previous thefts. In answer to the inquiry, L. C. Graves admitted having a conversation with the man by the name of Maloney, who represented himself to be a state official, but denied that he stated the items of property were taken in other thefts.

On redirect examination, the witness Graves was permitted to testify, over appellant's objection of hearsay, that Maloney told him he was a parole officer.

Appellant, having first gone into and elicited testimony relative to the conversation between L. C. Graves and Maloney, authorized the state to further inquire into and offer testimony as to the conversation. Art. 38.24, V.A.C.C.P.; Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133; Livingston v. State, 103 Tex.Cr.R. 372, 280 S.W. 802.

**834**

It is observed that no connection was shown between appellant and the person by the name of Maloney, and therefore no consequential harm to appellant by the admission of the testimony. The ground of error is overruled.

The judgment is affirmed.