**4**

Travis DAVIS, Petitioner,

v.

D.V. McKASKLE, Respondent.

Civ. A. No. H–83–4974.

United States District Court,
S.D. Texas,
Houston Division.

April 25, 1984.

Travis Davis, pro se.

Steven Gibbins, Austin, Tex., for respondent.

ORDER

McDONALD, District Judge.

Came on to be heard the Motion for Summary Judgment of Respondent W.J. Estelle, Jr. Having considered the arguments of the parties and the applicable law,

the Court is of the opinion that the Motion should be GRANTED.

Petitioner Travis Davis was convicted of robbery by assault on November 25, 1974. Because this conviction was enhanced by a prior robbery conviction, Petitioner was sentenced to thirty years in the Texas Department of Corrections. Petitioner has directly appealed this case in state court, filed five state applications for habeas corpus, and filed one other petition for federal habeas corpus. All challenges to Petitioner's conviction have been unsuccessful.

The instant application for habeas corpus advances only one ground upon which relief could be granted. Petitioner asserts that the State failed to prove at trial that Petitioner took money from the Complainant and proved instead that Petitioner grabbed the Complainant's purse, which contained money, and that Complainant grabbed the purse back. Petitioner asserts that because the Indictment alleges that Petitioner took Complainant's "money," a fatal variance between the charge and the evidence occurred.

"In a federal court, habeas corpus can be invoked with respect to indictments only where they are so 'fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment.... Such a determination can be made only by looking to the law of the state where the indictment was issued." *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.1983) (citation omitted). *Accord, Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980) ("It is settled in this Circuit that the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction").

The Court has examined the record in this action and the pertinent caselaw. The record indicates that the Complainant's purse contained money,[1] that the Petitioner

---

1. Q Did he [Petitioner] leave with your purse?
   A Yes, sir.
   Q Did it have money in it?

A Yes.
Statement of Facts, p. 144.

did at one point seize the purse,[2] and that Complainant in the ensuing struggle grabbed her purse back.[3]

 The question therefore becomes whether a person has taken a thing for purposes of the Texas robbery statute if he gains but then loses control of that thing. Although it has not directly addressed the question in a situation like the one at bar, the Court of Criminal Appeals has indicated that the answer would be in the affirmative. For example, in *Aughton v. State*, 149 Tex.Cr.R. 504, 196 S.W.2d 642, 643 (Tex.Cr.App.1946), the Court noted that in order for robbery to occur, "it was not necessary to show that (defendant) carried the property away in order to complete the offense. If he reduced the property to his possession, although he later abandoned it, the offense would nevertheless be complete." The Court of Criminal Appeals has reached similar conclusions in theft cases. *See, e.g., Baker v. Texas*, 511 S.W.2d 272 (Tex.Cr.App.1974) ("Removal of the object from its customary location is sufficient to show such reduction to the control or possession as is required [to prove theft]"); *Wilburn v. Texas*, 418 S.W.2d 832, 833 (Tex.Cr.App.1967) ("To constitute a taking it was not necessary that the property be removed from the presence or the premises of the owners.... Appellant's control and management of the property were sufficient to show his fraudulent intent"); *Senter v. Texas*, 411 S.W.2d 742, 744 (Tex.Cr. App.1967) ("[O]ne charged with theft may acquire that character of possession necessary to constitute his taking theft, even though the property is not removed from the presence or the premises of the owner"). Thus, the amount of time during which the Petitioner had control over the

Complainant's money is not the focus; "the mere lapse of a moment is sufficient to make the offense complete." 418 S.W.2d at 833. *Baker, Wilburn,* and *Senter* deal with theft and not robbery, but the principle of when a taking occurs for purposes of theft appears to apply in robbery cases, given the similarity of the two crimes. *See Aughton,* 196 S.W.2d at 643 ("Robbery is but an aggravated species of theft").

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.

---

**2.** Q Your purse had slipped out? Did the Defendant or—let me say this: Did the person who was tussling with you ever have control over that purse or did you have it pretty much all the time?

A No, he had everything.
Statement of Facts, p. 165.

**3.** Q You had your purse in the sack?

A That's when we got to fighting, kept on wrestling around there and this guy was pulling.

That's when we got the purse out of the bag and I pulled it out and I was hanging on to it.
Statement of Facts, p. 153.

A Well, in other words, I had the money from the beginning because, see, when we were struggling he got the money so I had the purse.

Q But you got that from the struggle?

A That's right.
Statement of Facts, p. 147.